Aubrey Leon **HAYNES**, Petitioner-Appellant,

v.

C. Murray **HENDERSON**, Warden, Respondent-Appellee.

No. 73-1463

Summary Calendar.[*]

United States Court of Appeals, Fifth Circuit.

June 4, 1973.

Rehearing and Rehearing En Banc Denied July 13, 1973.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

---

Aubrey Leon Haynes, pro se.

James Yelldell, Asst. Dist. Atty., 4th Judicial Dist. Ct., Bastrop, La., William J. Guste, Jr., Atty. Gen., Baton Rouge, La., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial of habeas corpus relief to Aubrey Leon Haynes, a prisoner of the State of Louisiana. We affirm the ruling below.

Haynes is attacking the validity of his conviction and sentence for burglary in the Fourth Judicial District Court of Louisiana. Represented by court-appointed counsel, Haynes was convicted on his plea of guilty. On October 27, 1971, he was sentenced to serve nine years' imprisonment, to run consecutively to any and all other sentences. There was no direct appeal; but the appellant has exhausted his available state remedies in compliance with the requirements of 28 U.S.C. § 2254(b). See Haynes v. Henderson, 1972, 263 La. 97, 267 So.2d 208.

Appellant contends, first, that his plea was not intelligently and understandingly made, due to the trial court's failure to advise him that the sentence could be provided to run consecutively to any other sentences. He alleges that he was serving another 10-year sentence (for an apparently unrelated offense) at the time of sentencing in the instant case. There is no merit to this contention.

The record shows that the state court fully complied with the requirements of Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, in advising the defendant of his rights. The court further advised Haynes that he could be sentenced to serve up to nine years in the penitentiary, in the sole discretion of the court. That statement in itself sufficed to advise Haynes that the sentence could be made to run independently of any other sentence which he may have to serve, in the discretion of the trial court.

Haynes alleges for the first time in his brief filed in this Court, that his counsel misled him by stating, in pertinent part, "your sentence will [begin] on the day you were arrested." This contention was not presented below, nor in the state courts,[1] and accordingly it will not be considered by us on this appeal.

---

1. For exhaustion of state remedies.

Chunn v. Clark, 5th Cir. 1971, 451 F.2d 1005, and cases cited therein.

▪ Secondly, Haynes asserts that the trial court incorrectly advised him that he could be sentenced to the Louisiana State Penitentiary. Appellant relies on a 1968 Louisiana statute [2] which provides, in part, as follows:

"Notwithstanding any provision of law to the contrary, any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Corrections and not to any particular institution within the jurisdiction of the department."

The advice given by the court to Haynes, if perhaps not entirely correct, can not have prejudiced any of his substantial rights. He well knew that he was subject to incarceration in the state penitentiary, since he concededly was serving another sentence there. It is clear that there was no violation of any Federally-protected rights in this particular.

▪ Finally, appellant has claimed that the state trial court acted illegally in specifying that his sentence was to be served at the state penitentiary, in light of the statute cited supra. The provision of the statute quoted hereinabove refutes this contention, however; it specifically provides that an adult prisoner shall not be committed to any particular institution. This leaves complete discretion in the Louisiana Department of Corrections to decide in what institution a convicted adult offender shall serve his sentence of confinement. The trial judge's statement in the sentence concerning the place of confinement is seen to be mere surplusage, in light of this statute.

We find no error in the district court's denial of habeas relief to Appellant Haynes; and accordingly its ruling is affirmed.

Affirmed.

---

2. La.Rev.Stats., Title 15, § 824.