**Ottway BARBEE, Petitioner-Appellant,**

v.

**B. C. RUTH and State of Mississippi, Respondents-Appellees.**

**No. 81–4481.**

United States Court of Appeals, Fifth Circuit.

June 18, 1982.

Eugene M. Bogen (court-appointed), Greenville, Miss., for petitioner-appellant.

Bill Allain, Atty. Gen., Wayne Snuggs, Asst. Atty. Gen., William S. Boyd, III, Sp. Asst. Atty. Gen., Jackson, Miss., for respondents-appellees.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

Ottway Barbee, incarcerated in the Mississippi state penitentiary under two consecutive life sentences, sought habeas relief under 28 U.S.C. § 2254. Counsel was appointed and a magistrate conducted an evidentiary hearing. The magistrate's recommendation that the petition be denied was adopted by the district judge. We affirm.

In November of 1966, Barbee was indicted for murder and for armed robbery in Mississippi state court. Following conviction on the murder count, he was sentenced to life imprisonment. A plea bargain was struck on the armed robbery charge and Barbee pleaded guilty. He received a consecutive life term. Maintaining that counsel appointed in the state criminal case advised him that if he pleaded guilty to the armed robbery charge he would receive a concurrent life sentence and be eligible for parole in 10 years, Barbee sought a writ of error coram nobis from the county circuit court. His state petition was denied and the Supreme Court of Mississippi affirmed.

With state remedies exhausted, Barbee filed the instant petition claiming that his armed robbery guilty plea was invalid because he understood, or misunderstood, that the life sentence to be imposed would run concurrently with his murder conviction life term. The magistrate found that the evidence did not support Barbee's claim about the lawyer's advice. That issue is no longer urged; the sole question now presented is whether the guilty plea was fatally defective because the court did not advise Barbee that the second sentence would be ordered served consecutively.

*Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), and *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), mandate that a guilty plea must be a knowing and voluntary act; the defendant must be aware of the consequences of the plea. These authorities, on casual reading, might appear to support Barbee's claim, if indeed he was unaware that his plea to the armed robbery charge might result in a consecutive life sentence. However, on closer examination, the support disappears. *See Bradbury v. Wainwright,* 658 F.2d 1083 (5th Cir. 1981); *United States v. Garcia,* 636 F.2d 122 (5th Cir. 1981); *Wade v. Wainwright,* 420 F.2d 898 (5th Cir. 1969).

In resolving this question, the magistrate stated: "The Constitution does not require that, in order to understand the consequences of a plea of guilty, the accused must be informed by the trial court, or must otherwise know, whether or not sentences imposed for separate crimes will run consecutively or concurrently. *Haynes v. Henderson,* 480 F.2d 550 (5th Cir. 1973); *United States ex rel. Montgomery v. Illinois,* 473 F.2d 1382 (7th Cir. 1973)." The district court agreed; we do also.

■ The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as Barbee "understood the length of time he might possibly receive, he was fully aware of his plea's consequences." *Bradbury v. Wainwright,* 658 F.2d at 1087 (*citing United States v. Maggio,* 514 F.2d 80 (5th Cir. 1975); *Dunlap v. United States,* 462 F.2d 163 (5th Cir. 1972) ). Furthermore, *Haynes v. Henderson* is dispositive in this matter, for we held that the possibility a sentence might run consecutively with a prior sentence was not a consequence which had to be explained to the defendant.[1]

■ Similarly, Barbee's contention that his 1966 guilty plea was defective because

---

[1]. Barbee attempts to diffuse the force of *Haynes* by noting that the state court fully advised Haynes and "complied with the requirements of *Boykin v. Alabama* . . . in advising the defendant of his rights." 480 F.2d at 551. By contrast, Barbee points out that he was not administered the explanation required by *Boykin.* This is true, but the reason for this variant is apparent: Barbee's plea pre-dates *Boykin.* Since we have determined that the rule in *Boykin* is not retroactive, *Dominguez v. Henderson,* 447 F.2d 207 (5th Cir. 1971), and in view of the absence of evidence in the record that Barbee's plea was not knowing and voluntary in all respects—save the sentence issue—we conclude that *Haynes* is applicable.

he was unaware of the effect a consecutive life sentence played upon parole eligibility is without merit. *See United States v. Garcia; LeBlanc v. Henderson*, 478 F.2d 481 (5th Cir. 1973). Barbee was informed of the maximum sentence for armed robbery and the sentence that the prosecutor sought. We conclude that he was adequately informed of the consequences of his guilty plea.

AFFIRMED.