United States Court of Appeals,

Fifth Circuit.

No. 92-2046.

John Lee SPINELLI, Petitioner-Appellee,

v.

James A. COLLINS, Director Texas Department of Criminal Justice, Institutional Division, Respondent-Appellant.

June 8, 1993.

Appeals from the United States District Court for the Southern District of Texas

Before REYNALDO G. GARZA, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

James A. Collins, Director, Texas Department of Criminal Justice, Institutional Division, ("Director") appeals the district court's judgment granting John Lee Spinelli habeas corpus relief. Finding that the district court erred in granting Spinelli's petition for writ of habeas corpus, we reverse.

I

Spinelli was convicted of aggravated robbery ("1978 conviction") by a jury in state court, and sentenced to life imprisonment. Three outstanding indictments were still pending against Spinelli in state court for aggravated robbery (Cause No. 271111), aggravated kidnapping (Cause No. 271112), and burglary (Cause No. 251407).[1] Subsequently, Will Gray, the attorney who represented Spinelli on the 1978 aggravated robbery charge, told Spinelli that the State of Texas ("State") expected the 1978 conviction to be reversed on appeal, and that if he pleaded guilty to the aggravated robbery, kidnapping, and burglary charges, the State would not retry him on the 1978 conviction.[2] During plea negotiations, the prosecutor told Spinelli that the State would recommend maximum sentences of 60 years for the aggravated robbery charge, 60 years for the aggravated kidnapping charge, and 20 years

---

[1]The kidnapping and robbery charges arose from the same transaction as the 1978 offense; the burglary arose out of a separate incident.

[2]The 1978 conviction was reversed by the Texas Court of Criminal Appeals in 1981.

for the burglary.  As a result, Spinelli was told that he would have to plead guilty to terms of imprisonment of five to 60, five to 60, and two to 20 years, respectively.  The prosecutor also agreed to (1) recommend that the sentences run concurrently with each other, and with Spinelli's sentences on previous California and federal convictions, and (2) have the Texas Department of Corrections ("TDC") take him to a California penitentiary to serve his terms of imprisonment.[3]

Subsequently, in the same court in which he had been tried in 1978, Spinelli pleaded guilty to the charges of aggravated robbery, aggravated kidnapping, and burglary.  The state court's record includes, for each offense, a judgment and a sentence.  The judgments assessed punishment at sixty, sixty, and twenty years, respectively.  However, pursuant to Texas's practice of indeterminate sentencing,[4] the sentences stated that Spinelli would be imprisoned for not less than five years nor more than sixty, not less than five years nor more than sixty, and not less than two years nor more than twenty, respectively.  Spinelli did not understand Texas's practice of indeterminate sentencing, and mistakenly believed that the minimum term represented the amount of time before he would be eligible for parole.  Therefore, Spinelli believed that he would be eligible for parole after serving five years with respect to the aggravated robbery and kidnapping convictions.  Actually, Spinelli would not be eligible for parole until he had served twenty years.  Tex.Code Crim.Proc.Ann. art. 42.12 § 15(b) (Vernon 1979).  Spinelli did not learn the truth about his parole eligibility until a couple of years later.

---

[3]Several days later, the State informed Spinelli that the TDC could not "take" him to California.  The State told Spinelli that if California exercised its detainer, the State would allow Spinelli to serve the remainder of his terms of imprisonment in a California penitentiary.  Spinelli agreed to the State's request that the plea agreement be modified to state that if California chose to exercise its detainer, Texas would allow him to serve his Texas sentences there concurrently.

[4]Under Texas Rules of Criminal Procedure:

> If the verdict fixes the punishment at confinement in an institution operated by the Department of Corrections for more than the minimum term, the judge in passing sentence shall pronounce an indeterminate sentence, fixing in such sentence as the minimum the time provided by law as the lowest term in an institution operated by the Department of Corrections and as the maximum the term stated in the verdict.

Tex.Code Crim.Proc.Ann. art. 42.09 § 1 (Vernon 1979) (repealed Sept. 1, 1981).

Spinelli filed three applications for writs of habeas corpus in state court, which were denied. Spinelli then filed a petition for writ of habeas corpus in federal district court, *see* 28 U.S.C. § 2254 (1988), seeking to withdraw his guilty pleas to the aggravated robbery and kidnapping charges. Spinelli argued that his guilty pleas were involuntary because he erroneously believed that he would be eligible for parole after five years based on (1) the prosecutor's statement during plea negotiations that he would have to plead guilty to terms of five to 60, five to 60, and two to 20 years, and (2) the sentences he received. The district court found that Spinelli's mistaken belief about his parole eligibility was not based on any promises by the prosecution, his defense attorney, or the court. In addition, the district court found that the plea agreement had not been breached. Nevertheless, the district court found that Spinelli was entitled to habeas relief because he had a mistaken belief as to his parole eligibility. The Director appeals.

II

The Director argues that the district court erred in finding that Spinelli's guilty plea was involuntary on the ground that Spinelli mistakenly believed that he was entitled to parole in five years. In a § 2254 case, the district court's findings of fact will be upheld unless they are clearly erroneous. *Duff-Smith v. Collins,* 973 F.2d 1175, 1179 (5th Cir.1992), *cert. denied,* --- U.S. ----, 113 S.Ct. 1958, --- L.Ed.2d ---- (1993). Questions of law are reviewed de novo. *Id.*

If a defendant's subjective belief was not based on any promises made by the defense attorney, the prosecutor, or the court, "[t]he law of this Circuit ... holds that the defendant's subjective belief alone is not sufficient to invalidate a guilty plea." *Matthews v. United States,* 569 F.2d 941, 942 (5th Cir.) (Where defendant argued that his guilty plea was involuntary because the government had threatened him, we held that the district court's finding that no threat had been made was not clearly erroneous, and that, therefore, the defendant's subjective belief that a threat had been made was insufficient to set aside his guilty plea.), *cert. denied,* 439 U.S. 1046, 99 S.Ct. 721, 58 L.Ed.2d 705 (1978); *see, e.g., Self v. Blackburn,* 751 F.2d 789, 792-93 (5th Cir.1985) (attorney's explanation of possibility of parole after ten and one-half years not a promise, and therefore defendant's mistaken belief that he would be eligible for parole after ten and one-half years did not

render his guilty plea involuntary); *Hall v. Maggio,* 697 F.2d 641, 643-44 (1983) (same). The United States Constitution does not "require[ ] the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary." *Czere v. Butler,* 833 F.2d 59, 63 (5th Cir.1987) (quoting *Hill v. Lockhart,* 474 U.S. 52, 55, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985)). Accordingly, " "[a]s long as [the defendant] underst[ands] the length of time he might possibly receive, he [is] fully aware of his plea's consequences.' " *Barbee v. Ruth,* 678 F.2d 634, 635 (5th Cir.) (quoting *Bradbury v. Wainwright,* 658 F.2d 1083, 1087 (5th Cir.1981) *cert. denied,* 456 U.S. 992, 102 S.Ct. 2275, 73 L.Ed.2d 1288 (1982)), *cert. denied,* 459 U.S. 867, 103 S.Ct. 149, 74 L.Ed.2d 125 (1982).

Neither party disputes the district court's finding that Spinelli's mistaken belief about his parole eligibility was not based on any promise by his defense attorney, the prosecutor, or the court. *See* Record on Appeal, vol. 1, at 15 (district court's opinion). In addition, Spinelli does not deny that he knew that maximum sentence he was to receive, and the parties' stipulated facts state that Spinelli was admonished as to the maximum time he could possibly receive. *See* Record Excerpts for Collins at 19. The district court, however, declined to follow the general rule that a defendant's mistaken belief is not enough to set aside the defendant's guilty plea, where the misunderstanding did not rest on any promises and where the defendant understood the maximum amount of time the defendant might possibly receive. Instead, the district court distinguished this case, and then found that Spinelli's guilty plea was involuntary because of his mistaken belief:

> No one, however, promised Spinelli that he would be up for parole in five years, as he has conceded. His belief that such was the case rested not upon any promise, but upon his misunderstanding of the law of indeterminate sentencing—a procedure that was, we think, rife with possibilities for misunderstanding. Absent a demonstrable promise, a challenge to a guilty plea on the basis that the defendant did not understand how long he would serve will not succeed if the Defendant was aware of the maximum time he might serve. *Barbee v. Ruth,* 678 F.2d 634, 635 (5th Cir.1982), *cert. denied,* 459 U.S. 867 [103 S.Ct. 149, 74 L.Ed.2d 125] (1982).

> What distinguishes this action, however, from the usual attempt to set aside a plea bargain is the peculiar fact that the State, on its own initiative, returned Spinelli to the trial court from his place of confinement and sought guilty pleas to his outstanding charges in return for a promise not to reprosecute a prior conviction that was likely to be reversed. We have never heard of such a transaction, and would treat Spinelli's accounting of it with some skepticism were it not for the fact that the State has nowhere denied that it took place or sought, by way of an evidentiary hearing, or otherwise, to introduce evidence that would

challenge Spinelli's version of events. The State appears to stand solely on the proposition that as Spinelli knew the maximum he might serve, he cannot obtain federal habeas relief.

The facts underlying this action contain many small obscurities. The crucial point is that the State undertook to return Spinelli to court, and there made him a deal that, though he mistakenly thought otherwise, did not improve his situation one iota. When he walked into court in July 1980 he hoped for parole in twenty years on his 1978 conviction; when he walked out he hoped for it in five, though in reality he again faced a wait of twenty years, minus time served.

Record on Appeal, vol. 1, at 30-31. The district court's distinction in paragraph two is legally insignificant. The district court failed to explain why the distinction had any bearing on the applicability of the general rule that a defendant's mistaken belief alone is insufficient to set aside the defendant's guilty plea. The district court did not cite any authority in making the distinction, and we do not believe that the State's actions in initiating the plea negotiations with Spinelli and in offering not to reprosecute him were improper. The district court clearly erred in finding that Spinelli's mistaken belief about his parole eligibility rendered his guilty plea involuntary.[5] Therefore, the district court erred in setting aside Spinelli's guilty pleas entered on July 18, 1980, in Cause No. 271111 (aggravated robbery) and No. 271112 (aggravated kidnapping).

III

For the foregoing reasons, we REVERSE the district court's judgment granting Spinelli's petition for a writ of habeas corpus.

---

[5]Spinelli claims that the district court also set aside his guilty plea because he "received no benefits from, or consideration for, the plea bargain." Brief for Spinelli at 22. Spinelli appears to base his contention on the district court's statement that "the State undertook to return Spinelli to court, and there made him a deal that, though he mistakenly thought otherwise, did not improve his situation one iota." Record on Appeal, vol. 1, at 30-31. We do not agree with Spinelli that the district court based its decision on lack of consideration. In light of the district court's opinion as a whole, we believe the district court meant that the deal "did not improve [Spinelli's] situation one iota [with regard to parole eligibility]." As the district court correctly points out immediately after making the statement that Spinelli's situation did not improve, under the life sentence Spinelli was serving for the 1978 conviction, he would not be eligible for parole until he had served 20 years. Likewise, under the sixty year sentences Spinelli received for aggravated burglary and kidnapping, he would not be eligible for parole until he had served 20 years. Even assuming, arguendo, that Spinelli is correct, we find no lack of consideration because Spinelli received several concessions under the plea agreement. *See supra* part I.