52 F.3d 327
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Wayne ROBERTS, Defendant-Appellant.
 No. 94-5808.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1995.
 
 1
 Before: MERRITT, Chief Judge; and SILER, Circuit Judge; and EDMUNDS, District Judge.*
 
 ORDER
 
 2
 Donald Wayne Roberts, a federal prisoner, appeals his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Roberts was indicted in September 1993 on the single count described above following a residential burglary during which Roberts, who had previously been convicted on a state felony charge, stole a .22 caliber Magnum revolver and used it to assault his victim. Roberts pleaded guilty on February 28, 1994, pursuant to a written plea agreement. He was sentenced on June 10, 1994, to 115 months in prison and 3 years of supervised release. The judgment was amended to reflect that this prison term was to run concurrently to Roberts's state sentence.
 
 
 4
 On appeal, Roberts argues that the district court erred when it did not offer him an opportunity to withdraw his allegedly involuntary guilty plea at sentencing.
 
 
 5
 Upon review, we affirm the district court's judgment because Roberts's plea was not involuntary and because the district court did not err in not offering Roberts an opportunity to withdraw his guilty plea when he was not sentenced according to his expectation.
 
 
 6
 A plea of guilty is valid if entered voluntarily, knowingly, and intelligently as determined under the totality of the circumstances. Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). The transcript of the plea proceeding and the terms of the signed plea agreement establish that Roberts was clearly informed of the maximum sentence and the uncertain nature of the final guideline determination before entering his plea of guilty. Roberts pleaded guilty knowing that he could be sentenced to ten years in prison. Subjective expectations by counsel and the defendant regarding the possible length of sentence, if not realized, do not render involuntary an otherwise valid plea. See Spinelli v. Collins, 992 F.2d 559, 561 (5th Cir.1993); Stout v. United States, 508 F.2d 951, 953 (6th Cir.1975). Roberts presents no other basis for challenging his guilty plea. There is no doubt that, under the totality of the circumstances, the plea was voluntary.
 
 
 7
 Furthermore, the district court did not err when it did not expressly offer Roberts an opportunity at sentencing to withdraw his guilty plea. Roberts did not move to withdraw his plea despite the fact that he was given the opportunity to speak at his sentencing proceeding. He has thus waived his right to appeal this issue. See United States v. Lewis, 991 F.2d 322, 324 (6th Cir.1993). In any event, a court is not required to explicitly offer a defendant the opportunity to withdraw his guilty plea where he fails to raise the issue. United States v. Moored, 997 F.2d 139, 143 (6th Cir.1993).
 
 
 8
 Accordingly, the district court's judgment, filed on June 15, 1994, is affirmed.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation