**UNITED STATES of America**

v.

**Clarence Allen McHANNEY.**

**No. Crim. 98–10014/001.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

June 13, 2000.

Clarence Allen McHanney, Collinston, LA, defendant pro se.

Cristina Walker, U.S. Atty's Office, Shreveport, LA, Brett L. Grayson, U.S. Atty's Office, Lafayette, LA, for U.S.

## *RULING*

LITTLE, Chief Judge.

Before this court is the motion to vacate and set aside sentence filed pursuant to 28 U.S.C. § 2255 by petitioner Clarence Allen McHanney. For the reasons that follow, petitioner's motion is denied.

### I. Background

On 12 August 1998, petitioner Clarence Allen McHanney ("McHanney") was named in a three count indictment. Count One charged McHanney with unlawful possession of a firearm. Counts Two and Three charged him with distribution of cocaine base. On 6 October 1998, McHanney, with assistance of court-appointed counsel, pleaded guilty to Counts Two and Three. The government then dismissed Count One. At the guilty plea hearing, this court established that the plea was being made knowingly and voluntarily. On 20 January 2000, pursuant to the mandatory sentencing guidelines, the court sentenced McHanney to 200 months imprisonment to run concurrently with a sentence he is serving with the Louisiana Department of Corrections. Thereafter, McHanney ap-pealed his sentence. On 14 September 1999, the Fifth Circuit dismissed McHanney's appeal and allowed McHanney's court appointed lawyer to withdraw.

On 1 February 2000, this court received McHanney's petition for habeas corpus review. In his petition, McHanney asserts that his guilty plea was involuntarily obtained because his court-appointed attorney misled him by guaranteeing that he would face a much lesser sentence by pleading guilty than he actually received. McHanney also claims that his plea was compromised by the fact that he has little education and has some difficulty with comprehension and reading skills. In its opposition to McHanney's petition, the government argues that McHanney's habeas petition does not provide grounds to reverse his conviction and sentencing because he cannot show cause and prejudice, he pled guilty after being fully informed of the nature of his actions, and he fails to demonstrate that his attorney's actions fell below an objective standard of reasonableness or prejudiced him in any way.

## II. Analysis

### A. Grounds for Relief

■ ▪ There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or, (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir.1996). Here, McHanney seems to be relying on the fourth ground for relief by attacking the effectiveness of his counsel, and by denying that he was able to understand the nature of his plea agreement. A movant seeking to attack his conviction or sentence is barred from raising jurisdictional and constitutional claims for the first time on collateral review unless he demonstrates cause for failing to raise the issue on direct appeal and actual

prejudice resulting from the error. *See United States v. Patten*, 40 F.3d 774, 776 (5th Cir.1994); *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.1992). Unless McHanney can show cause and prejudice, we must dismiss his claims as procedurally barred. *See United States v. Drobny*, 955 F.2d 990, 995 (5th Cir.1992).

## B. Attack on Validity of the Guilty Plea

McHanney seems to be attacking the validity of his guilty plea by claiming that it was not intelligently and voluntarily made, in part, because he has little education and has trouble reading and comprehending. The United States Supreme Court has held that because a guilty plea waives several constitutional rights, the plea must be entered intelligently and voluntarily. *See Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). To constitute an intelligent act, the guilty plea must be " 'done with sufficient awareness of the relevant circumstances and likely consequences.' " *McMann v. Richardson*, 397 U.S. 759, 766, 90 S.Ct. 1441, 1446, 25 L.Ed.2d 763 (1970) (quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970)). The Constitution does not require a great deal of knowledge on the part of the defendant. "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged." *See Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir.1982). As long as McHanney "understood the length of time he might possibly receive, he was fully aware of his plea's consequences." *See United States v. Rivera*, 898 F.2d 442, 447 (5th Cir.1990) (quoting *Barbee*, 678 F.2d at 635).

■ We are unconvinced that McHanney's mental capabilities prevented him from making a knowing and voluntary guilty plea. Although a court is required to inquire into the defendant's competency when the court has reason to believe that the defendant may be incompetent, where there is nothing to indicate that the defendant has a mental impairment, the court is under no such duty. *See Godinez v. Moran*, 509 U.S. 389, 401 n. 13, 113 S.Ct. 2680, 2688 n. 13, 125 L.Ed.2d 321 (1993); *DeVille v. Whitley*, 21 F.3d 654, 656–57 (5th Cir.1994). Here, McHanney raises his mental impairment argument more than one year after his guilty plea, and after a failed appeal to the Fifth Circuit. Prior to this time, the court had nothing to put it on notice that McHanney was incompetent to plead guilty. Moreover, there is no indication, aside from McHanney's unfounded allegations concerning his education and intelligence level, to indicate that these alleged impairments prevented him from understanding the crime to which he pleaded guilty or the implications of his actions. McHanney's in-court statements convince the court that his plea was made knowingly and voluntarily.

Statements made in open court " 'carry a strong presumption of verity.' " *United States v. Martinez–Molina*, 64 F.3d 719, 733 (1st Cir.1995) (citing *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)). At McHanney's guilty plea hearing, the court engaged in a colloquy with the defendant, informing him of the elements of the crime of which he was indicted, the nature of his rights, and confirming with him that he was pleading guilty voluntarily and with knowledge of the implications of his plea.[1] *See* Guilty Plea Tr. at 5–8, 18. Moreover, McHanney

---

1. For instance, the court engaged in the following discussion with McHanney:

    The Court: Has anyone made any threats against you in order to force or induce you to enter this plea of guilty?
    The Defendant: No, sir.

    The Court: Has anyone made any promises to you other than those that might be explicit or implicit in the plea agreement that you signed today?
    The Defendant: No, sir.
    The Court: Okay. Thank you. . . .
    Guilty Plea Tr. at 18.

signed a Plea Agreement (Rec.Doc.24), wherein he affirmed that he knew the nature of the crimes charged and that his plea was being made freely and knowingly. His written and in-court statements defeat his claim that he did not understand the implications of his guilty plea.

## C. Ineffective Assistance of Counsel Claim

▮ "Ineffective assistance of counsel ... is cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). To overcome the procedural bar, the movant must show that his counsel's performance was both deficient and prejudicial to the petitioner. *See Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Strickland v. Washington*, 466 U.S. 668, 689–94, 104 S.Ct. 2052, 2065–68, 80 L.Ed.2d 674 (1984); *Lott v. Hargett*, 80 F.3d 161, 167 (5th Cir.1996). A failure to establish either deficient performance or prejudice defeats an ineffective assistance claim. *See Strickland*, 466 U.S. at 700, 104 S.Ct. at 2071. With regard to the first prong of the *Strickland/Hill* test, if a defendant is represented by counsel and pleads guilty upon the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill*, 474 U.S. at 56, 106 S.Ct. at 369 (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)).

▮ In this case, McHanney does not explicitly allege that his attorney's representation fell below the range of competence demanded of attorneys. McHanney simply asserts that his attorney told him he would get a much more lenient sentence if he pleaded guilty than if he was found guilty at trial. Allusion to a promise not evidenced by the written record of guilty plea hearing detracts from a habeas petitioner's argument that his plea was involuntarily induced by his attorney's promises. *See Armstead v. Scott*, 37 F.3d 202,

209 (5th Cir.1994). Further, "a defendant's reliance on his attorney's erroneous prediction of leniency is not sufficient to render a guilty plea involuntary." *United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir.1987). McHanney has failed to support his allegation with any specifics such as the date of the statement, the circumstances in which it was made, or the existence of any witnesses to the statement. Furthermore, at his guilty plea hearing, McHanney specifically affirmed that no one had made any promises to him with regards to his guilty plea. *See* Guilty Plea Tr. at 18. In short, McHanney provides no evidence to support a finding that his attorney's actions fell below the range of competence aside from vague allegations that his attorney "implied" that he was to receive a much lighter sentence.

As McHanney has failed to show that his counsel's representation was deficient, there is no need to address whether McHanney was prejudiced by his attorney's actions. *See Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir.1984) ("A claim may be disposed of for either reasonable performance of counsel or lack of prejudice, without addressing the other."). Even assuming, arguendo, that McHanney's attorney's performance was deficient, he has failed to prove that he was prejudiced by his attorney's advice. In a guilty plea situation, to satisfy the second prong of the *Strickland* test, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. at 370; *see also Carter v. Collins*, 918 F.2d 1198, 1200 (5th Cir.1990). A mere allegation of prejudice is not sufficient to satisfy the prejudice prong of the *Strickland* test. McHanney's habeas petition contains nothing more than bare allegations that his sentence was higher than he anticipated. McHanney has made no assertion of actual innocence or that he would have been acquitted at trial. He, therefore, has failed to prove that his at-

torney's actions prejudiced him. This finding is supported by this court's colloquy with McHanney during the guilty plea hearing.

### III. Conclusion

McHanney has not demonstrated cause for his failure to raise his constitutional claims in prior proceedings and has shown no actual prejudice. As such, he is barred from raising them in a section 2255 petition. For the reasons set forth above, the court DENIES and DISMISSES McHanney's motion to vacate and set aside judgment and sentence.