# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50082
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DARAYVON JERIAFAYETTE SANDERS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-141

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Darayvon Jeriafayette Sanders pleaded guilty to a single count of conspiracy to possess with intent to distribute 280 grams or more of cocaine base and five kilograms or more of cocaine. The Government also submitted a notice of sentencing enhancement, which alleged that Sanders was subject to a mandatory sentence of life based on his two prior felony drug convictions. However, as part of a plea agreement, the Government agreed to remove one

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of these prior convictions from the enhancement, thus subjecting Sanders to a reduced mandatory minimum sentence of 20 years of imprisonment. Ultimately, Sanders was sentenced to 20 years of imprisonment.

On appeal, Sanders argues that he did not enter a knowing plea because he had been misinformed that, if he was convicted at trial, he would be subject to a mandatory sentence of life. However, his argument is premised on a misunderstanding of the record. Sanders asserts that the district court informed him at sentencing that, after conducting additional research, it had determined that he had not been subject to a mandatory life sentence. In fact, the district court stated at sentencing that it had determined that Sanders did not qualify as a career offender under the Sentencing Guidelines and it reduced the applicable guidelines sentencing range. This determination had no effect on the applicable statutory minimum sentence, either before or after the plea agreement. Because Sanders was advised of the correct statutory minimum and maximum sentences, both before and after his plea agreement, he was fully aware of the consequences of his plea. *See United States v. Jones,* 905 F.2d 867, 868 (5th Cir. 1990). Therefore, he has not shown error, plain or otherwise. *See Puckett v. United States,* 556 U.S. 129, 135 (2009); *United States v. Dominguez Benitez,* 542 U.S. 74, 83 (2004).

Sanders also argues that his counsel provided ineffective assistance by failing to realize that he was not subject to a mandatory life sentence and by failing to raise this misunderstanding during the plea negotiations, at rearraignment, or at sentencing. Generally, we will not evaluate an ineffective assistance claim for the first time on direct appeal because it usually requires consideration of issues not presented by the record. *See United States v. Isgar,* 739 F.3d 829, 841 (5th Cir.), *cert. denied,* 135 S. Ct. 123 (2014). However, given that this claim of ineffectiveness rests on the same incorrect premise as the rest of appeal, is facially meritless, and requires no development of the record,

No. 14-50082

we conclude that this is one of those "rare cases" where the exception to the rule applies. *United States v. Delagarza-Villarreal*, 141 F.3d 133, 141 (5th Cir. 1998). Accordingly, we deny Sanders's claim of ineffective assistance of counsel described above.

AFFIRMED.