# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60453
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 18, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONNELL DURANT COGDELL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:12-CR-106

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

After being granted an out-of-time appeal, Donnell Durant Cogdell appeals his conviction and sentence (138 months) for attempted possession with intent to distribute cocaine. In a written plea agreement, Cogdell validly waived his right to appeal his conviction and sentence. *See United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011); *United States v. Bond*, 414 F.3d 542, 545-46 (5th Cir. 2005).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60453

Nonetheless, Cogdell asserts that his plea and the appeal waiver were invalid due to counsel's ineffectiveness because Cogdell was not aware that he could be sentenced as a career offender. We generally decline to address claims of ineffective counsel on direct appeal because the record is not sufficiently developed. *See United States v. Isgar,* 739 F.3d 829, 841 (5th Cir.), *cert. denied,* 135 S. Ct. 123 (2014). However, it is clear that this claim of ineffective counsel lacks arguable merit. *United States v. Sanders,* 592 F. App'x 335, 336 (5th Cir. 2015)(facially meritless ineffectiveness claim requiring no development of the record is an exception to the general rule of non-review on direct appeal).

To prevail on his claim of ineffective counsel, Cogdell must show that counsel's performance was deficient and that he was prejudiced by that performance. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984). There is a strong presumption that counsel's conduct is not deficient. *Id.* at 689. To establish prejudice regarding his plea, Cogdell "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

Cogdell offers only his bare assertion that he was unaware of the sentencing consequences of his plea. But he neither says that counsel misled him nor attempts to explain how counsel performed deficiently. His conclusional assertion is "insufficient to overcome the strong presumption of competency and the high burden of actual prejudice required to prove ineffective assistance of counsel." *Carter v. Johnson,* 131 F.3d 452, 464 (5th Cir. 1997).

Cogdell also fails to show prejudice. *See Hill,* 474 U.S. at 59. He pleaded guilty despite being advised that he faced up to 40 years in prison. Indeed, the district judge conducted a thorough colloquy at the rearraignment hearing,

explaining that the sentence would depend on calculations under the Sentencing Guidelines and that the court, regardless of the Guidelines, was free to sentence Cogdell up to 40 years. Even if it were assumed that Cogdell was ignorant of the career-offender enhancement, he "understood the length of time he might possibly receive, [and therefore] he was fully aware of his plea's consequences." *Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir. 1982) (internal quotation marks and citation omitted). Cogdell thus cannot show that the career-offender enhancement affected his decision to plead guilty. *See Hill*, 474 U.S. at 59. We note as well that the district court considered counsel's lengthy arguments for a variance based upon the same considerations Cogdell argues here. The district court granted a substantial downward variance having considered the harshness of the career offender status's effects on Cogdell's guidelines range (188-235 months).

The Government's motion to dismiss the appeal is GRANTED and the appeal is DISMISSED. The Government's motion for summary affirmance is DENIED as moot.