Stephen N. CHEELY,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 75–3992
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 23, 1976.

Stephen N. Cheely, pro se.

John W. Stokes, U. S. Atty., Anthony M. Arnold, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

**PER CURIAM:**

Stephen Nathdrine Cheely appeals the denial of his 28 U.S.C. § 2255 motion to vacate his sentence. On January 28, 1964, Cheely was sentenced to life imprisonment upon his plea of guilty to second degree murder. Cheely's petition alleged that he had not been informed of the consequences of his plea and, therefore, that his plea was involuntary. Cheely also alleged that he received ineffective assistance of counsel in that his counsel had not informed him of an available defense.

■ Cheely's plea was entered prior to the 1966 amendment to Rule 11 of the Federal Rules of Criminal Procedure. *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), interpreted the amendment to Rule 11 as clarifying a judge's duty to determine the voluntariness of any offered plea. *McCarthy* established an "automatic prejudice" rule requiring an opportunity to plead anew whenever the strict guidelines of Rule 11 have not been followed. *McCarthy,* however, specifically was limited to having prospective effect in *Halliday v. United States,* 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). Therefore, to successfully overturn his plea Cheely must affirmatively show that his plea was not voluntarily and understandably given. *Barton v. United States,* 458 F.2d 537 (5th Cir. 1972). A plea is involuntary if it was made in ignorance of its consequences, including the length of any possible sentence. *Wade v. Wainwright,* 420 F.2d 898 (5th Cir. 1969).

> The question, however, is not whether he learned of such penalty from the judge, in a formal proceeding, but whether he had knowledge as to such matter, whether from the judge, his lawyer, his bondsman, or from some other source.

*Tucker v. United States,* 409 F.2d 1291, 1295 (5th Cir. 1969).

■ The record of the plea proceeding shows that the judge did not inform Cheely of the consequences of his plea. The lower court held an extensive hearing on Cheely's § 2255 petition to determine the voluntariness of Cheely's plea. At this hearing the counsel who represented Cheely at the plea testified that he had informed Cheely of the consequences of that plea. Cheely's testimony contradicted the attorney's. The court chose to credit the attorney's testimony. It was partially corroborated by the testimony of Cheely's sister and of the Assistant United States Attorney who prosecuted Cheely. The lower court's factual determination that Cheely had knowledge of the consequences of his plea is not clearly erroneous. Under *Tucker,* his plea was not involuntarily given.

■ Cheely's § 2255 petition alleged that his counsel rendered ineffective assistance because he did not inform Cheely of an available defense—that Cheely was incompetent to stand trial. Counsel was appointed to represent Cheely on his § 2255 petition and was informed that Cheely's allegation was taken only to mean that he had not been informed of the available incompetency defense and not that Cheely was incompetent when he entered his plea. Counsel was requested to inform the court if he considered this interpretation erroneous. When counsel subsequently requested that the court also address whether Cheely was competent when he entered his plea, Cheely filed an affidavit specifically requesting the court not to consider whether he was competent when he entered his plea but only to consider whether his counsel was ineffective because he was not informed of the availability of his possible defense. In this affidavit Cheely also requested the dismissal of his newly appointed counsel. This latter request was granted.

The court's treatment of the issue after this point becomes slightly confusing. Not only had Cheely waived the issue of his competency to stand trial, but also it turned out that a previous § 2255 action had adjudicated that he was competent to enter his plea. *Cheely v. United States,* 367 F.2d 547 (5th Cir. 1967). Because of both the waiver and the previous final competency determination, the court treated Cheely's allegation as claiming that his counsel was ineffective because he had not been informed of an available *insanity* defense. The court

found that original counsel had carefully reviewed the report of a court-ordered psychiatric examination which had been conducted in January of 1964 and reasonably concluded from that examination that there was no basis for an *insanity* defense. This conclusion is not clearly erroneous. Therefore, the failure to disclose this defense to Cheely did not breach the "reasonably effective assistance" of counsel test. *See Herring v. Estelle,* 491 F.2d 125 (5th Cir. 1974).

On this appeal Cheely reasserts the contention that his counsel was ineffective because of failure to inform him, not of an *insanity* defense, but of the availability of a possible *competency*-to-stand-trialdefense. The court-ordered psychiatric report stated: "His [Cheely's] amnesia will interfere with his ability to advise with counsel, and this ability is limited."[1] This conclusion by the psychiatrist could lead a reasonably competent attorney to consider whether his client was competent to stand trial or enter a plea. We pretermit any ruling upon whether the failure to discuss the possibility of asserting incompetence as a defense at the time the failure took place amounted to the denial of effective assistance of counsel to Cheely. This court's earlier determination that Cheely was competent completely forecloses the showing of any prejudice by such error. The failure to disclose a possibly valid defense which is subsequently finally and conclusively determined to be invalid does not prejudice a defendant and, therefore, cannot be the basis for a claimed denial of effective assistance of counsel.

The order of the district court denying Cheely's petition to vacate his sentence is

AFFIRMED.

---

1. The report also includes the following statement: "At this time he [Cheely] understands the proceedings against him and is able to assist in his own defense and stand trial."

