United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 7, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 04-40600
_____

JUAN RAMIREZ,

Petitioner-Appellee,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS
DIVISION,

Respondent-Appellant.

Appeal from the United States District Court
For the Southern District of Texas

Before GARZA, STEWART and CLEMENT, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Doug Dretke ("Director"), in his role as Director of the Texas Department of Criminal Justice,

Correctional Institutions Division, appeals the conditional granting of federal habeas corpus relief to

Juan Ramirez ("Ramirez"). A Texas jury convicted Ramirez of aggravated assault, and he received

a fifteen year prison sentence. Ramirez unsuccessfully appealed his conviction based on, *inter alia*,

1

ineffective assistance of counsel. The Texas Court of Criminal Appeals refused his subsequent petition for discretionary review. Ramirez filed a federal petition for a writ of habeas corpus. The district court granted conditional habeas relief after adopting a magistrate judge's report and recommendation that the writ be granted because Ramirez was denied effective assistance of counsel due to a conflict of interest.

I

A jury convicted Ramirez and his co-defendant, Arnold Morin ("Morin"), of aggravated assault stemming from an April 29, 1998 Corpus Christi drive-by shooting of Peter Hernandez ("Hernandez"). Morin and Ramirez were tried together, and were represented by the same attorney, G. Rudolph Garza, Jr. ("Garza"). The prosecutor tried the case as a drive-by shooting in which both Ramirez and Morin were responsible. At trial, Garza presented a common defense based on a theory of self-defense; *i.e.*, that Ramirez, as the shooter, was justly in fear of being killed by Hernandez and, hence, Morin was not complicit in any wrong-doing. Garza presented evidence that Hernandez acted aggressively toward the defendants just before the shooting and that Hernandez had previously beaten Ramirez and threatened his life.

The police officers who witnessed the crime and stopped Ramirez's truck identified Ramirez as the driver and Morin as the passenger. They found two guns in or near the truck. The bullets and spent casings found at the scene and in the truck were from one of the guns. Fingerprint evidence indicated that Morin handled the weapon in a manner consistent with throwing but not firing it. Gunshot residue on Morin's left hand indicated that he had either fired a weapon, handled a recently fired weapon, or was in close proximity to a weapon that was fired.

Ramirez testified at trial that it was not a drive-by shooting but that his vehicle was stopped

2

in a convenience store parking lot. He testified that he did not know Hernandez was there until Morin pointed him out. Hernandez, according to Ramirez, then approached the truck, began kicking it, and threatening Ramirez's life. Ramirez also testified that after seeing Hernandez reach behind his back, he shot Hernandez. Morin corroborated this testimony.

II

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court may not grant habeas relief after an adjudication on the merits in a state court proceeding unless the adjudication of the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, *clearly established Federal law*, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an *unreasonable determination of the facts* in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (emphasis added).

In reviewing a grant of habeas relief, we examine factual findings for clear error and issues of law *de novo*. *Barrientes v. Johnson*, 221 F.3d 741, 750 (5th Cir. 2000). When examining mixed questions of law and fact, we also utilize a *de novo* standard by independently applying the law to the facts found by the district court, as long as the district court's factual determinations are not clearly erroneous. *Id.*

Under AEDPA, one basis for granting habeas relief is that the state court's adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Incorrect or erroneous application of federal law is insufficient; the application must also be unreasonable. *Williams v. Taylor*, 529 U.S. 362, 411 (2000). A state court decision is contrary

3

to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts." *Id*. at 413.

The magistrate judge's report, which the district court adopted, found that the Thirteenth Court of Appeals ("Court of Appeals") incorrectly applied the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) instead of the proper test set forth in *Cuyler v. Sullivan,* 446 U.S. 335 (1980) in analyzing Ramirez's ineffective assistance of counsel claim based on a conflict of interest.[1] The Court of Appeals did not cite the case of *Cuyler* in its analysis of counsel conflict of interest.

*Cuyler* clearly establishes federal law regarding ineffective assistance of counsel based on conflict of interest: "In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler*, 446 U.S. at 348. Therefore, the question before us is whether the Court of Appeals reasonably applied the two prong test of whether (1) there was "an actual conflict of interest" that (2) "adversely affected his lawyer's performance."

The Court of Appeals did cite numerous Texas state cases which address conflict of interest, including *Ex parte Acosta*, 672 S.W.2d 470 (Tex. Crim. App. 1984). *Acosta* is largely based on *Cuyler*. Indeed, the Court of Appeals cited *Acosta* for the proposition that "[a]n accused who fails to object at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." This is precisely the *Cuyler* standard. The Court of Appeals found that there was no

---

[1] The Court of Appeals applied the *Strickland* analysis to Ramirez's ineffective assistance of counsel claims based on counsel's failure to object to a jury charge. This claim is not before us.

4

actual conflict because the co-defendants presented a united front that Ramirez shot Hernandez in self-defense. This is not evidence of a conflict of interest but rather a sound legal strategy: "[a] common defense often gives strength against a common attack." *United States v. Benavidez*, 664 F.2d 1255, 1260 (5th Cir. 1982) (quoting *Holloway v. Arkansas*, 435 U.S. 475, 482-83 (1978) (quoting *Glasser v. United States*, 315 U.S. 60, 92 (1942) (Frankfurter, J., dissenting))).

A conflict of interest is present "whenever one defendant stands to *gain significantly* by counsel adducing probative evidence or advancing plausible arguments that are damaging to the cause of a co-defendant whom counsel is also representing." *Foxworth v. Wainwright*, 516 F.2d 1072, 1076 (5th Cir. 1972) (emphasis added). Ramirez had nothing to gain by arguing that he did not shoot Hernandez. Under Texas' law of the parties, the driver of a getaway car is liable for the commission of the crime as well. *See* V.T.C.A., Penal Code § 7.02(a); *see also Alexander v. State*, 607 S.W.2d 551, 553 (Tex. Crim. App. 1980). If Garza had argued and the jury had found that Morin shot Hernandez, Ramirez would still have been found guilty under Texas' law of the parties. Likewise, Morin's best defense was that he was the passenger to a shooting in self-defense. Otherwise, he would have also been guilty under the law of the parties, or guilty as the shooter. Therefore, there was no conflict because Ramirez did not stand to "gain significantly by [Garza] adducing probative evidence or advancing plausible arguments that are damaging to [Morin]." Accordingly, 28 U.S.C. § 2254(d)(1) of AEDPA provides no basis for granting Ramirez habeas corpus relief.

Under AEDPA, the second basis for granting habeas relief is that the state court's adjudication on the merits "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The adopted magistrate judge's report found that there was an unreasonable determination of the facts in light of

5

the evidence presented because (1) Hernandez could not identify the shooter; and (2) the physical evidence indicated that Morin was the shooter.

It would not be unreasonable to find that Ramirez was the one that shot Hernandez. Both Ramirez and Morin testified that Ramirez was the shooter. There was evidence that the guns were Ramirez's and that Morin threw but did not fire the weapon. There is nothing unreasonable in finding that the driver shot out the passenger side window. Multiple eyewitnesses saw shots being fired from the truck Ramirez and Morin were in. Hernandez's inability to identify either defendant as the shooter is inconclusive. Therefore, the state court adjudication was not based on an unreasonable determination of the facts in light of the evidence presented.

### III

Accordingly, the district court's conditional granting of Ramirez's habeas corpus petition is REVERSED.