REVISED November 20, 2007

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 11, 2007

Charles R. Fulbruge III
Clerk

————

No. 05-10829

————

ATHENA CHARLENE BURDICK

                                        Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, Director, Texas Department of
Criminal Justice, Correctional Institutions Division

                                        Respondent-Appellee

————

Appeal from the United States District Court
for the Northern District of Texas

————

Before HIGGINBOTHAM, WIENER, and GARZA, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Athena Charlene Burdick petitions for habeas, urging that she did not understand the consequences of her guilty plea, rendering her plea involuntary. The district court rejected her claim, and we affirm.

I

Burdick was indicted for capital murder, and pleaded guilty to a lesser charge of murder. A jury assessed a 45-year sentence. Burdick then filed a state

habeas petition arguing, inter alia, that her appellate counsel was ineffective for failing to argue that, because the trial court did not admonish her regarding the range of punishment, her plea was involuntary. The state trial court held to the contrary, finding that her plea of guilty "was accepted by this Court after this Court thoroughly and properly admonished [her] as to the meaning and consequences of said plea"[1] and concluded that Burdick's "plea of guilty was knowingly and voluntarily entered."[2] The Texas Court of Criminal Appeals rested on the findings of the trial court, denying review without a written order.

Burdick filed an application for federal habeas in the Northern District of Texas. The district court denied relief, concluding that her involuntary plea argument was unexhausted in the state court and thus procedurally defaulted. We thought it a close question and granted COA. We also asked the parties to brief the merits of Burdick's underlying constitutional claim.

The State of Texas now concedes that Burdick's claim was raised before the state habeas court and is therefore properly before us. The State of Texas still denies that Burdick's rights were violated, arguing that Burdick's plea was entered voluntarily. With some hesitation, we agree.

## II

Due process requires that a defendant "be advised and understand the consequences of a guilty plea."[3] With respect to sentencing, this means "that the defendant must know the maximum prison term and fine for the offense

---

[1] Ex parte Burdick, Post Conviction Application for Writ of Habeas Corpus, Application No. 54,803-01 at 47 (Jan. 13, 2003). Quotation is from Findings of Fact and Conclusions of Law on Application for Writ of Habeas Corpus in the 204th Judicial District Court of Dallas County (signed December 20, 2002).

[2] Id.

[3] United States v. Rivera, 898 F.2d 442, 447 (5th Cir. 1990); United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990) (citing Barbee v. Ruth, 678 F.2d 634, 635 (5th Cir. 1982), cert. denied, 459 U.S. 867 (1982)).

charged."[4]  In Boykin v. Alabama, the Supreme Court held that "[i]t was error . . . for [a] trial judge to accept [a defendant's] guilty plea without an affirmative showing that it was intelligent and voluntary."[5]  The Court warned, "What is at stake for an accused facing . . . imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence."[6]  Moreover, "When the judge discharges that function, he leaves a record adequate for any review that may be later sought."[7]  In a footnote, the Court advised, "[i]f these convictions are to be insulated from attack, the trial court is best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands . . . the permissible range of sentences."[8]

Texas does not dispute that its trial court failed to discharge this duty.  In accepting the defendant's guilty plea, the trial court said nothing of the maximum penalties she faced.  Yet Texas argues that there was no constitutional error because Burdick knew, in fact, the maximum penalties she faced.  Thus, Texas argues, the trial court need not advise the defendant of consequences of her guilty plea, as long as somebody does.

We agree.  Long ago in Cheely v. United States we held that "[t]he question . . . is not whether [the defendant] learned of such penalty from the judge, in a formal proceeding, but whether he had knowledge as to such matter, whether

---

[4] Rivera, 898 F.2d at 447 (quoting Barbee, 678 F.2d at 635).

[5] 395 U.S. 238, 242 (1969).

[6] Id. at 243–44.

[7] Id. at 244 (citing Garner v. Louisiana, 368 U.S. 157, 173 (1961) and Specht v. Patterson, 386 U.S. 605, 610 (1967)).

[8] Id. at 244 n.7 (quoting Commonwealth ex. rel. West v. Rundle, 428 Pa. 102, 105-06 (1968)).

from the judge, his lawyer, his bondsman, or from some other source."[9]  We acknowledge that this holding is a somewhat stingy implementation of the Court's language in Boykin, yet it is a plausible implementation, and it has survived for thirty years as such.  Our Cheely decision doesn't discuss Boykin – in fact it seems more concerned with Rule 11 – but Cheely came seven years after Boykin and we cannot say that it is inconsistent with the Court's opinion. Indeed, it seems that we are not alone among circuits in this view.[10]

The question, then, is whether Burdick was advised by someone, prior to pleading guilty, of her punishment range.  In light of the evidence presented in state court, we hold that it was not unreasonable for the state court to conclude that Burdick was so advised.[11]  Burdick's trial counsel, Phillip Linder, submitted an affidavit to the state habeas court relating that "Mr. Huff [Burdick's other

---

[9] 535 F.2d 934, 935 (5th Cir. 1976) (quoting Tucker v. United States, 409 F.2d 1291, 1295 (5th Cir. 1969)); see also Davis v. Wainwright, 547 F.2d 261, 265 (5th Cir. 1977) (citing United States v. Frontero, 452 F.2d 406 (5th Cir. 1971)) and McChesney v. Henderson, 482 F.2d 1101 (5th Cir. 1973)) ("The record shows that counsel for [defendant] conferred with him . . . and discussed the possible sentences . . . . Even if we accept [defendant's] allegation that the Court failed to advise him specifically of all of the rights he waived in pleading guilty, that failure does not of itself render the plea involuntary"); McChesney, 482 F.2d at 1110 (no express waiver of constitutional rights is necessary under Boykin provided the record shows that "accused's plea was intelligently and voluntarily made, with knowledge of its consequences").

[10] Pardue v. Burton, 26 F.3d 1093, 1096 (11th Cir. 1994) ("If the state can demonstrate that a defendant had full knowledge of the relevant provisions of the Youthful Offender Act, then Boykin is not violated because the accused was in fact fully aware of his rights"); Owens v. Wainwright, 698 F.2d 1111, 1113 (11th Cir. 1983) (although trial court failed to inform defendant of minimum sentence, guilty plea was entered knowingly because attorney had so advised defendant).  Cf. United States v. Jenkins, 2000 WL 1359666 (4th Cir. 2000) (unpublished) (magistrate advised defendant of a shorter maximum sentence than that actually imposed but this did not violate due process; defendant was informed of proper maximum sentence for career criminal prior to arraignment and did not show that he relied on judge's incorrect statement).  But see United States ex rel. Miller v. McGinnis, 774 F.2d 819, 823-24 (7th Cir. 1985) (where trial court failed to advise defendant of an automatic three-year term in addition to a 20-year sentence, district court properly found a due process violation).

[11] See 28 U.S.C. 2254(d)(2).

attorney] and I also explained the law in Texas as it pertains to murder and capital murder and the different ranges of punishment." The state trial court found this affidavit credible,[12] a determination which is presumed correct.[13] There is also evidence that during voir dire, which was conducted before Burdick's guilty plea, Burdick's defense attorney referred to the range of imprisonment and specifically referenced the maximum possible term.[14]

Thus the state court did not unreasonably conclude that Burdick's attorneys advised her of the (widely known) maximum punishment for first-degree murder. We are nevertheless discouraged by the trial court's statement that it "thoroughly and properly admonished [Burdick] as to the meaning and consequences of [her] plea." The transcript indicates that the trial judge failed to discuss the range of punishment, disregarding an "important safeguard" against misunderstandings and attorney incompetence,[15] as well as Article 26.13 of the Texas Code of Criminal Procedure.[16] But the state court's conclusion that Burdick's plea was knowingly and voluntarily entered is not unreasonable.

---

[12] Ex parte Burdick, 54,803-01 at 53.

[13] Marshall v. Lonberger, 459 U.S. 422, 433 (1983) (citing Townsend v. Sain, 372 U.S. 293, 314-15 (1963)).

[14] Mr. Linder asked: "Why did you decide to enter a plea? Ms. Burdick responded, "I realize that I was offered 20 years. I felt that was unfair. I felt like there were a lot of reasons why I made my guilty plea and I was aware of the fact that if I did plead innocent that I was advised that." Mr. Linder asked, "Athena, now you understand we went over all this with you, right?" to which she replied, "Right." "And you understand what this jury's here to do?" "Yes, I do." Mr. Linder later asked, "You understand the range of punishment in this case?" Ms. Burdick responded: Yes, I do." Mr. Linder then asked: "Jury can give you life in prison all the way down to five years in prison?" Ms. Burdick responded, "Yes, they can." (emphasis added).

[15] Fields v. Gibson, 277 F.3d 1203, 1214 (10th Cir. 2002).

[16] Tex. Code Crim. Proc. Art. 26.13(a)(1) ("Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of . . . the range of the punishment attached to the offense"). We do not, of course, review non-constitutional questions of state criminal procedure. Moreno v. Estelle, 717 F.2d 171, 179 (5th Cir. 1983).

The federal district court's conclusion that Burdick's constitutional claim was procedurally defaulted is REVERSED.  The federal district court denial of Burdick's section 2254 motion is nevertheless AFFIRMED.