# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2009

Charles R. Fulbruge III
Clerk

No. 07-30842

ROY BURTON

Petitioner-Appellant

v.

TERRY TERRELL, Warden, Allen Correctional Center

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana

Before JONES, Chief Judge, and HIGGINBOTHAM and HAYNES, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Roy Burton petitions for habeas relief, urging that he was never advised of the maximum sentence he faced under Louisiana's manslaughter statute, rendering his plea in the state prosecution involuntary. The district court rejected Burton's claim. We granted a certificate of appealability to consider the voluntariness issue and now AFFIRM.

I

Burton was charged with second degree murder and felony theft, and pleaded guilty to manslaughter. At the time that Burton committed his offense in April 2000, the statutory maximum sentence for manslaughter was forty years in prison, and there was no minimum sentence.[1] The written guilty plea, which Burton signed, did not disclose the maximum sentence, although it noted the correct statutory provision and provided that Burton was "aware of the minimum and maximum sentences provided." At rearraignment, the trial court did not advise Burton of the potential forty-year sentence, instead instructing him that "the nature of the charge . . . is a felony which could result in a penitentiary sentence if [you are] guilty." The trial court also asked Burton if defense counsel had informed him of "the minimum and maximum sentences provided by law for manslaughter," and Burton answered affirmatively.[2] The first recorded mention that the maximum sentence was forty years occurred when Burton's counsel acknowledged it at sentencing.

---

[1] L A. REV. STAT. ANN. 14:31(B) (West 2000).

[2] At rearraignment, the judge engaged in the following colloquy with Burton:

THE COURT:     You understand the nature of the charge against you is a felony which could result in a penitentiary sentence if you're guilty?

MR. BURTON:    Yes, sir.

THE COURT:     And you've been told by [defense counsel] the minimum and maximum sentences provided by law for manslaughter?"

MR. BURTON:    Yes, sir.

THE COURT:     You understand what you could get, the range?

MR. BURTON:    Yes, sir.

A Louisiana state court sentenced Burton to thirty years at hard labor. On direct appeal, Burton's counsel argued that his client's sentence was excessive. Burton also filed a pro se supplemental brief, asserting that his sentence was excessive, that his counsel rendered ineffective assistance resulting in an involuntary guilty plea, and that his guilty plea was involuntary because he was never advised of the applicable statutory range of sentences. On the voluntariness question, Burton asserted that his attorney mistakenly advised him that he would face a maximum of ten to fifteen years in prison if he pleaded guilty, and that he was not otherwise informed of the forty-year maximum sentence he actually faced. The state appellate court affirmed Burton's conviction, addressing only his excessive sentence claim. Burton filed an application for rehearing, which was denied. The Louisiana Supreme Court denied certiorari.

Burton filed a state postconviction application, raising the same issues addressed in his supplemental appellate brief. The state trial court rejected all three claims, concluding that they were not reviewable in postconviction proceedings. Although the state appellate court concluded, on review, that the trial court erred in that assessment, it found Burton's claims meritless. As to Burton's claim that he pled involuntarily, the appellate court concluded that he "failed to prove that he did not understand the nature of the offense to which he pled, that he was not made aware of the minimum or maximum sentence, or that

he was promised a cap of fifteen years of imprisonment."[3]  The Louisiana Supreme Court denied writs, finding Burton's claims "repetitive."[4]

Burton then filed an application for federal habeas in the Western District of Louisiana.  The magistrate judge issued a report recommending denial, concluding in relevant part that Burton's plea was voluntary because the transcript reflected that he understood the minimum and maximum sentences available.  The district court adopted the magistrate's report after an independent review and denied Burton's habeas petition.  In this federal habeas corpus appeal, we review the district court's factual findings for clear error and legal conclusions de novo.[5]

## II

Burton's tethers his habeas petition to the Due Process requirement that a defendant "be advised and understand the consequences of a guilty plea."[6]  With respect to sentencing, this means "that the defendant must know the maximum prison term and fine for the offense charged."[7]  In *Boykin v. Alabama*, the Supreme Court held that "[i]t was error . . . for [a] trial judge to accept [a

[3] *State of Louisiana v. Roy Burton*, No. KH 05-1497 (La. App. 3 Cir. 4/5/06) (unpublished).

[4] *State ex rel. Burton v. State*, 949 So. 2d 436 (La. 2007).

[5] *Dorsey v. Quarterman*, 494 F.3d 527, 530 (5th Cir. 2007); *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001).

[6] *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990).

[7] *Id.* at 447 (quoting *Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir. 1982)); *see also Burdick v. Quarterman*, 504 F.3d 545, 547 (5th Cir. 2007); *United States v. Ammirato*, 670 F.2d 552, 555 (Former 5th Cir. 1982); *Cheely v. United States*, 535 F.2d 934, 935 (5th Cir. 1976); *Tucker v. United States*, 409 F.2d 1291, 1295 (5th Cir. 1969).

defendant's] guilty plea without an affirmative showing that it was intelligent and voluntary."[8]  The Court cautioned:

> What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought, and forestalls the spin-off of collateral proceedings that seek to probe murky memories.[9]

Yet a trial court's failure to discharge this duty by informing the defendant of the maximum possible sentence does not invariably lead to constitutional error.  This court has consistently held that the critical question is not whether the court informed the defendant of the maximum sentence, but whether the defendant knew, in fact, the maximum he faced.[10]  While we acknowledge that

---

[8] 395 U.S. 238, 242 (1969).  Louisiana argues that *Boykin* does not require that an individual be advised of the statutory maximum sentence he faces for a guilty plea to be valid. This argument is unavailing in light of this court's long-established precedent and *Boykin*'s directive that the defendant have a full understanding "of the plea and its consequences." *Boykin*, 395 U.S. at 243–44.  The state fails to note that, in support of this proposition, *Boykin* cites a Pennsylvania Supreme Court case recommending that the trial court "satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged *and the permissible range of sentences.*" *Boykin*, 395 U.S. at 244 n.7 (citing *Commonwealth ex rel. West v. Rundle*, 237 A.2d 196, 197-198 (Pa. 1968)) (emphasis added).  *See also Marvel v. United States*, 380 U.S. 262 (1965) (per curiam) (vacating and remanding for a hearing to determine whether the defendant was misled by the trial court as to the maximum sentence).

[9] *Id.* at 243–44.

[10] *Burdick,* 504 F.3d at 547 ("The question, then, is whether Burdick was advised by someone, prior to pleading guilty, of her punishment range."); *Cheely,* 535 F.2d at 935 ("The question . . . is not whether [the defendant] learned of such penalty from the judge, his lawyer, his bondsman, or from some other source.") (quoting *Tucker*, 409 F.2d at 1295); *see also Davis v. Wainright*, 547 F.2d 261, 265 (5th Cir. 1977) (citing *United States v. Frontero*, 452 F.2d 406

this is a "somewhat stingy implementation of . . . *Boykin*," this court's precedent is clear that the source of the defendant's actual knowledge is of no moment to the plea's constitutionality.[11]

In *Burdick v. Quarterman*,[12] this court considered whether the defendant was advised by someone, prior to pleading guilty, of her punishment range. The defendant's trial counsel had submitted an affidavit to the state habeas court attesting that he had explained the applicable sentencing law and the "different ranges of punishment."[13] The state trial court found this affidavit credible.[14] There was also evidence that during voir dire prior to the defendant's guilty plea, defense counsel referred to the range of imprisonment, specifically referencing the maximum possible term, and the defendant acknowledged that she

---

(5th Cir. 1971) and *McChesney v. Henderson*, 482 F.2d 1101 (5th Cir. 1973)) ("The record shows that counsel for [defendant] conferred with him . . . and discussed the possible sentences. . . . Even if we accept [defendant's] allegation that the Court failed to advise him specifically of all of the rights he waived in pleading guilty, that failure does not of itself render the plea involuntary.").

[11] *Burdick*, 504 F.3d at 547. We are not alone among circuits in this view. *See, e.g.*, *Pardue v. Burton*, 26 F.3d 1093, 1096 (11th Cir. 1994) ("If the state can demonstrate that a defendant had full knowledge of the relevant provisions of the Youthful Offender Act, then *Boykin* is not violated because the accused was in fact fully aware of his rights."); *Owens v. Wainright*, 698 F.2d 1111, 1113 (11th Cir. 1983) (although trial court failed to inform defendant of minimum sentence, guilty plea was entered knowingly because attorney had so advised defendant). *Cf. United States v. Jenkins*, 2000 WL 13596666 (4th Cir. 2000) (unpublished) (magistrate advised defendant of a shorter maximum sentence than that actually imposed but this did not violate due process because defendant was informed of proper maximum sentence prior to arraignment and he did not show that he relied on judge's incorrect statement).

[12] 504 F.3d 545.

[13] *Id.* at 548.

[14] *Id.*

6

understood this maximum.[15] We found that in light of this evidence, it was not unreasonable for the state court to conclude that the defendant was advised of her maximum sentence.[16]

Similarly, in *Cheely v. United States*, the defendant's challenge to the voluntariness of his plea failed in light of defense counsel's sworn testimony that he had informed the defendant of the plea's consequences.[17] This testimony was partially corroborated by the defendant's sister and the Assistant United States Attorney who prosecuted the defendant.[18]

Louisiana contends that Burton is not entitled to relief based on his admission at rearraignment and his signature on the plea agreement, calling Burton's current claims "blatantly untrue." Indeed, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal."[19] But Burton does not dispute that he made this declaration to the trial court. Rather, he argues that his admission at rearraignment was the result of a misunderstanding about the potential sentencing range suggested by trial counsel. The question, then, is whether someone (or something) advised him, prior to pleading guilty, of the *accurate* punishment range he faced.

---

[15] *Id.*

[16] *Id.*

[17] 535 F.2d at 935.

[18] *Id.*

[19] *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

III

Burton's federal habeas petition is subject to the heightened standard of review provided by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). When reviewing state proceedings, AEDPA proscribes federal habeas relief unless the state court's adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[20] Additionally, AEDPA requires us to "presume state court findings of fact to be correct unless the petitioner rebuts that presumption by clear and convincing evidence."[21]

The state court record reflects four salient points: the written plea agreement and colloquy do not demonstrate *on their face* that Burton was aware of the true forty-year maximum; Burton's sworn statements during rearraignment do not contradict his current contention that defense counsel mistakenly informed him of a ten to fifteen year maximum; Burton curiously submitted his *Boykin* claim separate and apart from his own counsel's briefing; and defense counsel stated at sentencing that his client faced a maximum penalty of forty years. Because we presume the state court's finding to be correct–namely that Burton was indeed "made aware of the minimum or maximum sentence" and "not promised a cap of fifteen years of imprisonment"–he must demonstrate, by clear and convincing evidence, that the

---

[20] 28 U.S.C. § 2254(d).

[21] *Valdez*, 274 F.3d at 947 (citing 28 U.S.C. § 2254(e)(1)).

state court erred. Burton has not done so, even though an affidavit from his own trial counsel would ostensibly vindicate his claim. In light of the evidence before the state court, and Burton's failure to present clear and convincing evidence of error, we cannot say that it was unreasonable for the state court to infer that Burton was in fact aware of the forty-year maximum when he pled guilty.

IV

If a habeas applicant cannot obtain relief on the basis of the factual record before the state court, a federal court may nonetheless grant an evidentiary hearing in limited circumstances.[22] A court will only do so, however, if the prisoner diligently and reasonably attempted, "in light of the information available at the time, to investigate and pursue claims in state court."[23] For state courts to have a full and fair opportunity to adjudicate the habeas applicant's constitutional claims, "[d]iligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law."[24] Even then, mere requests for an evidentiary hearing will not demonstrate reasonable diligence.[25]

Burton was not diligent in developing the factual record–whether or not he requested an evidentiary hearing from the state court–because he neither claimed nor demonstrated that his trial counsel's all-important affidavit "could

---

[22] *Williams v. Taylor*, 529 U.S. 420, 430 (2000); 28 U.S.C. § 2254(e)(2).

[23] *Williams*, 529 U.S. at 435.

[24] *Id.* at 437.

[25] *See Dowthitt v. Johnson*, 230 F.3d 733, 758 (5th Cir. 2000) (applying *Williams*, *supra* note 22).

not be obtained absent an order for discovery or a hearing."[26] He instead relied solely on conclusory arguments just as he later did in seeking federal relief with the petition now before this court.

Burton presented his claims to the state court and the state court rejected them, with a finding of fact that we cannot disturb here. We affirm the judgment of the district court denying relief.

AFFIRMED.

---

[26] *Id.* We need not consider whether Burton effectively requested an evidentiary hearing in state court. If he had, it was done so only implicitly. Burton's briefs to the state court, both on direct appeal and habeas, request "further proceedings" as to whether he was informed of the elements of the crime, and request "specific performance of the [plea] agreement" or "nullification or withdrawal of the plea" if Burton was found to be unaware of the correct maximum sentence.