# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2010

No. 08-60692

Lyle W. Cayce
Clerk

CLARA BROWN

Petitioner-Appellant

v.

LAWRENCE KELLY; Superintendent, Mississippi State Penitentiary

Respondent-Appellee

Appeal from the United States District Court for the
Southern District of Mississippi (Jackson Division)
USDC No. 3:05-cv-00068

Before HIGGINBOTHAM, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Clara Brown appeals from the district court's denial of her habeas corpus petition. Brown seeks to set aside her guilty plea for murder, claiming that her plea was involuntary and was only entered due to ineffective assistance of counsel. In the proceedings below, a magistrate heard testimony from Brown and found credible her claim that she did not understand the charges against her. Accordingly, he recommended granting habeas relief. Without rehearing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-60692

this testimony, the district judge rejected the magistrate's recommendation and denied habeas relief. In some circumstances, a district judge's failure to rehear testimony like this could be reversible error, since a district judge cannot reject a magistrate's credibility determinations "affecting a person's constitutional rights" without rehearing the testimony heard by a magistrate. *Louis v. Blackburn*, 630 F.2d 1105, 1109 n.3 (5th Cir. 1980). Nevertheless, since the lack of evidence corroborating Brown's claims means they must fail under AEDPA, we affirm the district court's denial of habeas relief.

I.

On April 11, 2002, Brown pled guilty in Mississippi state court to the murder of her boyfriend, Charlie Tate. During her plea hearing, Brown was represented by attorney Paul Luckett, who had previously provided her with a "know-your-rights" form, indicating that she had been charged with murder and that the maximum sentence for murder was life in prison. At the hearing, the state court judge engaged in a colloquy with Brown to make sure she understood her rights and the nature of the crime for which she had been charged. During the colloquy, Brown confirmed that Luckett had gone over her indictment with her, that Luckett had explained the elements of her crime, and that she was satisfied with his representation. Brown also confirmed that she understood that the "maximum" sentence for murder is life and that "[t]here is no minimum sentence." Based on these representations and others, the state court judge found that "Clara Brown ha[d] knowingly, willingly, freely, voluntarily and intelligently entered her guilty plea."

Nevertheless, at times during the plea colloquy, Brown exhibited confusion, at one point suggesting that she had not always been represented by counsel, until she retracted this statement. Brown also indicated that she was on medication during the hearing for her "nerves" and had taken a sleeping pill, but that the only way she could "think clearly" was by taking this medication.

2

No. 08-60692

Approximately a week after her plea hearing, she was formally sentenced to life in prison.

Subsequently, Brown sought post-conviction relief in Mississippi state court, claiming ineffective assistance of counsel and asserting that her plea was involuntary because she had believed herself to be pleading guilty to manslaughter. She alleged that her attorney Luckett had told her she had been charged with manslaughter, for which she would receive a twenty-year sentence rather than a life sentence. The state trial court rejected her petition for relief; the Mississippi Court of Appeals subsequently affirmed the denial of relief in mid-2004. *See Brown v. Mississippi*, 876 So.2d 422 (Miss. Ct. App. 2004). Specifically, the Mississippi Court of Appeals concluded that Brown had "produced no evidence to support her claim that her counsel failed to advise her of the maximum penalty she faced," noting that she herself had "acknowledged [during her plea hearing] that her counsel [had] explained the indictment and elements of the crime to her." *Id.* at 425.

Having exhausted her state remedies, Brown then sought habeas relief in federal court under 28 U.S.C. § 2254. The district judge assigned Brown's habeas petition to a magistrate, who held an evidentiary hearing in September 2007 to hear live testimony from Brown and Luckett. At the hearing, Brown testified that Luckett had told her she was being charged with manslaughter. Luckett denied this, claiming instead that "Ms. Brown told me that she wanted to plead guilty [to the murder charge because] she was tired and wanted to get it over." After hearing both witnesses, the magistrate concluded in January 2008 that Brown had indeed believed herself to be pleading guilty to manslaughter, that her plea to murder was involuntary, and that she was therefore entitled to habeas relief. Specifically, the magistrate found that Brown's "misunderstanding was not the result of any affirmative misrepresentation on the part of her attorney. Rather, it was the result of

3

No. 08-60692

Brown's own confusion and mental limitations coupled with the failure of her attorney and the trial judge to make certain that she understood." The magistrate did not explicitly rule on Brown's ineffective assistance claim.

The State objected to the magistrate's report and recommendation, and in July 2008, the district judge rejected the magistrate's recommendation,[1] concluding that Brown's involuntary plea and ineffective assistance claims were both meritless. The district judge found that Brown's testimony before the magistrate was rebutted by the transcript of her plea hearing, her signature of the know-your-rights form, and Luckett's testimony. Given these considerations, the district judge found that Brown had chosen to plea guilty voluntarily to put the matter behind her, after having "committed a public murder before witnesses who knew her." The district judge also concluded that Luckett had committed no error at all in his representation of Brown. Notably, the district judge did not rehear any of the testimony heard by the magistrate, instead relying on the transcript of the proceedings before the magistrate. The district court refused Brown's request for a certificate of appealability ("COA"), but we granted a COA to allow Brown to challenge the district court's denial of her involuntary plea and ineffective assistance claims.[2]

II.

"The validity of a guilty plea is reviewed de novo," *United States v. Washington*, 480 F.3d 309 (5th Cir. 2007), but the validity of a plea may also

---

[1] In her habeas petition, Brown also made an ineffective assistance claim based on Luckett's failure to investigate a theory of self-defense. The magistrate found that this claim was procedurally barred because it had not been raised in state court. The district judge accepted the magistrate's recommendation as to this claim, and Brown has not continued to pursue this claim on appeal.

[2] On this appeal, Brown has also challenged the state court's decision to hold her in contempt of court. When we granted a COA to Brown, we stated that "[h]er claims regarding her contempt hearing are raised for the first time on appeal and will not be considered." As such, we do not address them.

turn on the resolution of questions of fact.  *See Marshall v. Lonberger*, 459 U.S. 422, 431-32 (1983).    Similarly, an "ineffective assistance of counsel claim presents a mixed question of law and fact."  *Ward v. Dretke*, 420 F.3d 479, 486 (5th Cir. 2005).  When examining such mixed questions, this Court employs "a de novo standard by independently applying the law to the facts found by the district court, as long as the district court's factual determinations are not clearly erroneous."  *Ramirez v. Dretke*, 396 F.3d 646, 649 (5th Cir. 2005).

Brown's claims are governed by AEDPA.  Under AEDPA, a federal court may not grant habeas relief after an adjudication on the merits in a state court proceeding unless the adjudication of the claim (i) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (ii) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d) (2006).  Additionally, under 28 U.S.C. § 2254(e)(1), a state court's factual determinations are "presumed to be correct," and the habeas petitioner has "the burden of rebutting [this] presumption of correctness by clear and convincing evidence."  Thus, for Brown to overcome the state court's conclusion that her counsel informed her of the nature of the charges against her and the sentence she faced, she "must demonstrate, by clear and convincing evidence, that the state court erred."  *Burton v. Terrell*, 576 F.3d 268, 273 (5th Cir. 2009).

### III.

Initially, we address the failure of the district judge to rehear the testimony from Brown and Luckett that led the magistrate to conclude that Brown's petition for habeas relief should be granted.  In habeas proceedings, a district judge generally may not reject a magistrate's determination of a witness's credibility without rehearing live testimony.  It is true that district judges have almost unlimited authority to "accept, reject, or modify, in whole or

in part, the findings or recommendations made by" a magistrate. 28 U.S.C. § 636(b)(1) (2006); *see also* Fed. R. Civ. P. 72(b). Nevertheless, when district judges consider "credibility questions involved in the determination of critical fact issues affecting a person's constitutional rights," "the fact finder must observe the witness . . . [i]n order to adequately determine the credibility of [the] witness as to such constitutional issues." *Blackburn*, 630 F.2d at 1109 n.3, 1110. "This may be accomplished either by the district judge accepting the [credibility] determination of the magistrate after reading the record, or by rejecting the magistrate's decision and coming to an independent decision after hearing the testimony and viewing the witnesses." *Id.* at 1110.

In this case, it is clear that the magistrate recommended granting habeas relief because he found Brown's testimony that she did not understand that she was pleading guilty to murder to be credible. It is also clear that the district judge denied habeas relief at least in part because he did not find Brown's testimony to be credible. For example, in his opinion, the district judge explained that Brown's testimony was implausible when "placed under the microscope of credibility." However, the failure of the district judge to rehear Brown's testimony does not automatically necessitate a remand to correct this error. We have previously suggested that when evidence is "sufficiently telling," a district judge might possibly reject a magistrate's recommendation without rehearing testimony the magistrate found credible. *Jordan v. Hargett*, 34 F.3d 310, 314 (5th Cir. 1994). As noted above, Brown must demonstrate by "clear and convincing" evidence that the state court's conclusion that she was informed of the nature of the charges against her is incorrect. *See* 28 U.S.C. § 2254(e)(1). Consequently, we now assess whether Brown's testimony is sufficiently clear and convincing to overcome the state court's rejection of her claims.

IV.

We first review Brown's involuntary plea claim and conclude that the

district court properly denied habeas relief. "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

Brown argues that her guilty plea to murder was involuntary because, based on a variety of factors, she reasonably believed herself to be pleading guilty to manslaughter. Her primary argument is that she claims Luckett told her that she had been charged with manslaughter and that she was facing a twenty-year sentence. She also argues that Luckett's alleged failure to inform her of the actual charges against her was not cured by her plea colloquy. First, she faults the failure of the state court judge to explain the intent necessary to support a murder conviction. She points us to *Henderson v. Morgan*, where the Supreme Court found that a guilty plea to murder was involuntary because the habeas petitioner had not been "informed that intent to cause the death of his victim was an element of the offense." 426 U.S. 637, 638 (1976). Second, she contends that she was misled during her plea hearing by the state judge's failure to explain that a life sentence is the *mandatory* punishment for murder. *See* Miss. Code Ann. § 97-3-21 (2006) ("Every person who shall be convicted of murder shall be sentenced by the court to imprisonment for life in the State Penitentiary."). He instead characterized life as being the "maximum" sentence for murder, which she claims led her to believe that she could have received a twenty-year sentence. Finally, she asserts that the medication she was taking during her plea hearing and her low level of educational attainment made it difficult to understand the charges against her without detailed explanation.

Initially, we note that Brown cannot show that her plea was involuntary merely by pointing to deficiencies in her colloquy with the state judge during her plea hearing. The Supreme Court has "never held that the judge must himself

explain the elements of each charge to the defendant on the record." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). "Rather, the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by [her] own, competent counsel." *Id.* We also note that there has been no suggestion that Brown was incompetent to enter a plea. To the extent that such a claim would have any merit, it has been defaulted, as it was not raised in the state court proceedings.

Therefore, the question before us is whether Brown can overcome the state court's conclusion that Luckett informed her of the charges against her. She cannot. Recently, we have twice considered habeas petitions filed by prisoners who asserted that their attorneys had not informed them of the sentences they were facing and who therefore argued that their guilty pleas were involuntary. *See Burton*, 576 F.3d at 273; *Burdick v. Quarterman*, 504 F.3d 545, 548 (5th Cir. 2007). In both cases, the habeas petitioners' claims were uncorroborated, and other evidence suggested that the petitioners had been informed of their possible sentence. *Burton*, 576 F.3d at 273 (noting that "defense counsel stated at sentencing that his client faced a maximum penalty of forty years"); *Burdick*, 504 F.3d at 568 (defense counsel submitted affidavit stating that he explained sentencing range). In both cases, we found that these uncorroborated claims were insufficient to disturb the conclusion in state court that the petitioners' guilty pleas were voluntary. Similarly, in this case, Luckett has denied Brown's claims, and her testimony is uncorroborated. Indeed, the record suggests that Luckett did in fact explain to Brown the charges against her. At the plea hearing, Brown confirmed that Luckett had explained the elements of her crime, after the judge had stated that Brown had been charged with murder and made no mention of manslaughter. In these circumstances, Brown's testimony alone is not clear and convincing evidence that Luckett did not explain the charges she

8

No. 08-60692

was facing.

This conclusion is not disturbed by the magistrate's determination that Brown did not understand the charges against her. As explained above, the magistrate found that Brown's "misunderstanding was not the result of any affirmative misrepresentation on the part of her attorney. Rather, it was the result of Brown's own confusion and mental limitations coupled with the failure of her attorney and the trial judge to make certain that she understood." Even if this were true, and Brown did not understand the charges against her, this would not provide sufficient grounds for habeas relief. In the habeas context, we have previously held that "[a] guilty plea is not rendered involuntary by the defendant's mere subjective understanding that [she] would receive a lesser sentence. . . . [I]f the defendant's expectation of a lesser sentence did not result from a promise or guarantee by the court, the prosecutor or defense counsel, the guilty plea stands." *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002), *abrogation on other grounds recognized by United States v. Grammas*, 376 F.3d 433, 437-38 (5th Cir. 2004). Since Brown has not shown by clear and convincing evidence that her attorney failed to explain the charges she faced, any subjective belief she may have had regarding these charges does not alone provide grounds for habeas relief. Thus, the magistrate erred in recommending that Brown's habeas petition be granted, and the district judge correctly refused to grant relief on this ground.

V.

We now review Brown's ineffective assistance of counsel claim, finding again that habeas relief is not warranted. To set aside a guilty plea based on ineffective assistance of counsel, Brown must demonstrate that her "'counsel's representation fell below an objective standard of reasonableness'" and that she was prejudiced by his poor performance, or rather that "there is a reasonable probability that, but for [her] counsel's errors, [she] would not have pleaded

9

No. 08-60692

guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 57, 59 (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Brown argues that Luckett's representation was ineffective because he advised her that she was facing manslaughter charges, not murder charges. She also alleges that Luckett's representation was ineffective because he failed to recommend that Brown proceed to trial, despite the fact that a guilty plea and jury conviction would have resulted in the same life sentence. Since Brown had nothing to lose by going to trial, she claims that Luckett's representation was ineffective.

As already explained, Brown has not established by clear and convincing evidence that Luckett misrepresented the charges she was facing. As such, this ground for finding ineffective assistance must necessarily fail. Similarly, Brown's uncorroborated testimony cannot establish that Luckett failed to advise her of the consequences of a guilty plea and her option of going to trial. To the extent that Brown's claim is that Luckett's representation was deficient because he did not stop her from pleading guilty, this argument must also fail. The decision to plead guilty was Brown's, not Luckett's, *see Florida v. Nixon*, 543 U.S. 175, 187 (2004), and the Supreme Court has rejected the claim that counsel is ineffective simply because he or she did not take an action when "there was nothing to lose by pursuing it." *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1418 (2009). Given these considerations, we conclude that habeas relief should not be granted on Brown's ineffective assistance of counsel claim.[3]

## VI.

Thus, we find that the district court correctly denied Brown's petition for habeas relief. In these circumstances, the district judge's failure to rehear

---

[3] We note that Brown has not argued that Luckett was ineffective for failing to investigate her competency to plead guilty. *Cf. United States v. Howard*, 381 F.3d 873, 881 (9th Cir. 2004) (suggesting that in some circumstances counsel might be incompetent for failing to investigate client's competence to enter plea).

No. 08-60692

Brown's testimony was not error. If the district judge had reheard Brown's testimony, found it credible, and granted habeas relief based on the strength of this testimony, we would have been obligated to reverse this decision, given the paucity of evidence corroborating Brown's testimony. Thus, it cannot have been reversible error for the district judge to fail to rehear her testimony. Although a witness's credible testimony may provide sufficient grounds for habeas relief in some cases,[4] this is not one of them. Thus, we AFFIRM the district court's denial of Brown's petition.

---

[4] The deference due state courts under AEDPA does not mean that habeas relief may never be granted on the basis of a federal court's determination of a witness's credibility. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("A federal court can disagree with a state court's credibility determination and, when guided by AEDPA, conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence.").