# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10186
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER BLACKWELL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-97-1

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Christopher Blackwell was convicted of wire fraud, sentenced to 210 months of imprisonment and three years of supervised release, and ordered to pay $8,554,751 in restitution.  He challenges the validity of his plea agreement and appeal waiver and the district court's calculation of the loss amount and restitution award and compliance with Federal Rule of Criminal Procedure 32.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10186

We review for plain error Blackwell's contentions that the district court violated his right to due process and Federal Rule of Criminal Procedure 11 by accepting his guilty plea. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). There is no plain error regarding the district court's failure to personally advise Blackwell of its authority to order restitution since the magistrate judge confirmed that Blackwell understood that he would be subject to the penalties and consequences explained by the Government, which included restitution, if he pleaded guilty. *See Burdick v. Quarterman*, 504 F.3d 545, 547-48 (5th Cir. 2007); *United States v. Hekimain*, 975 F.2d 1098, 1101 (5th Cir. 1992). There is no plain error regarding the district court's failure to inform Blackwell of the probable quantum of the restitution award because it is subject to reasonable dispute whether this is required. *See Puckett*, 556 U.S. at 135.

We also review for plain error Blackwell's contentions that the plea agreement lacked consideration, the district court breached the plea agreement, and the plea agreement was ambiguous. *See id.* Assuming, arguendo, that consideration was required, the Government's promises to not bring additional charges and to dismiss the remaining charge provided consideration. *See Smith v. Estelle*, 562 F.2d 1006, 1008 (5th Cir. 1977). The imposition of mandatory restitution to all the victims harmed by Blackwell's fraudulent scheme was consistent with the parties' reasonable understanding of the plea agreement. Thus, there is no plain error. *See Puckett*, 556 U.S. at 135.

The appeal waiver does not bar Blackwell's claim that the restitution award exceeded the victims' losses. *See United States v. Sharma*, 703 F.3d 318, 321-22 & n.1 (5th Cir. 2012), *cert. denied*, 134 S. Ct. 78 (2013). Therefore, we need not resolve Blackwell's challenge to the appeal waiver as it pertains to

the restitution award.  As to the loss amount, the plea agreement and appeal waiver do not mention or purport to govern how the loss amount will be calculated for purposes of determining Blackwell's base offense level under the Sentencing Guidelines.  Therefore, Blackwell's attempt to avoid the appeal waiver by arguing that the plea agreement was ambiguous as to how the losses would be calculated is unavailing.  The appeal waiver thus bars Blackwell's claims of error regarding the loss amount and Rule 32.  *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

The district court was permitted to rely on the presentence report in finding, for restitution purposes, that Blackwell's fraud caused the victims' losses because Blackwell did not offer any competent rebuttal evidence.  *See United States v. Gutierrez-Mendez*, 752 F.3d 418, 429 (5th Cir.), *cert. denied*, 2014 WL 4096218 (Oct. 6, 2014) (No. 14-5846); *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009).  The district court did not plainly err in calculating the amount of restitution owed to Jack Morris since Blackwell's own testimony at the sentencing hearing supported the award.  *See Puckett*, 556 U.S. at 135.  Accordingly, the district court did not clearly err in determining that the victims' losses resulted from Blackwell's fraud and ordering Blackwell to pay restitution to all the victims.  *See Sharma*, 703 F.3d at 322.

The judgment of the district court is AFFIRMED.