# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 26, 2019

Lyle W. Cayce
Clerk

No. 19-20065
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN N. EHRMAN,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-634-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

John N. Ehrman appeals the district court's denial of his motion to withdraw his guilty pleas to wire fraud and engaging in monetary transactions in property derived from specified unlawful activity. Ehrman contends that (1) his guilty plea was not knowing or voluntary due to the court's omission of various Federal Rule of Criminal Procedure 11 rights during the plea colloquy; (2) he presented just and fair reasons for withdrawal under the seven-factor

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

test of *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984); and (3) the district court abused its discretion by failing to conduct an evidentiary hearing on his motion to withdraw.

Ehrman shows no clear or obvious error in the district court's Rule 11 admonishment. *See United States v. Alvarado-Casas*, 715 F.3d 945, 953 (5th Cir. 2013). Although the court did not advise Ehrman of his rights to confront the Government's witnesses, to testify in his own defense, and to compel the attendance of witnesses by subpoena, those rights were expressly spelled out in the written plea agreement, which Ehrman affirmed under oath in writing that he had read, reviewed with counsel, and fully understood. *See United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994). The source of Ehrman's actual knowledge of those rights "is of no moment to the plea's constitutionality." *Burton v. Terrell*, 576 F.3d 268, 271-72 (5th Cir. 2009).

The district court did not abuse its discretion in denying Ehrman's motion to withdraw his guilty plea. *See United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). The relevant *Carr* factors weigh heavily against him. Ehrman's proffered evidence, at best, supports a theory of defense but does not demonstrate that he is actually innocent of the charged fraud or overcome his solemn declarations, made under oath, that he is factually guilty. *See United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009). His more than three-month delay in moving to withdraw is significant under our precedents. *Cf. United States v. Harrison*, 777 F.3d 227, 237 (5th Cir. 2015); *Carr*, 740 F.2d at 364; *United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994). Despite Ehrman's revolving door of retained lawyers, he fails to demonstrate that he did not have the close assistance of counsel, and his guilty plea was fully informed and voluntary. Ehrman thus failed to present a just and fair reason

for withdrawing his guilty plea. *See United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003); *Carr*, 740 F.2d at 343-44.

Lastly, Ehrman has not alleged sufficient facts justifying an evidentiary hearing on his motion to withdraw; the district court neither erred in weighing the *Carr* factors nor based its decision on a clearly erroneous assessment of the evidence. *See Harrison*, 777 F.3d at 234; *Powell*, 354 F.3d at 370. Accordingly, the district court did not abuse its discretion in ruling without an evidentiary hearing. *See Powell*, 354 F.3d at 371.

For these reasons, we AFFIRM the judgment of the district court.