# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40287
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 13, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIO CESAR LOPEZ-ESPINOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:18-CR-825-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Julio Cesar Lopez-Espinoza appeals his conviction of illegal reentry after removal, in violation of 8 U.S.C. § 1326. He argues that the district court erred in ignoring and summarily rejecting his claim of ineffective assistance of counsel when the court denied his pro se motion to withdraw his guilty plea. Lopez-Espinoza renews his argument that his attorney intimidated him and failed to meaningfully discuss his case with him. According to Lopez-Espinoza,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40287

counsel's ineffectiveness rendered his guilty plea involuntary, and the district court failed to consider that issue.

To prevail on an ineffective assistance claim, a litigant must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness and (2) the deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). As to whether the conduct of counsel was constitutionally adequate, the record here is sufficiently developed to review the issue on direct appeal. *United States v. Puckett*, 505 F.3d 377, 387 (5th Cir. 2007), *aff'd on other grounds*, 556 U.S. 129, 133-34 (2009). In light of the hearings where the district court considered the adequacy of the representation, the district court's rejection of the first *Strickland* prong was not impermissibly summary. *See id.* Given the record and factual findings of the district court, there is no indication that Lopez-Espinoza's attorney was constitutionally deficient in advising him or otherwise communicating with him. *See id.* at 387-88. Insofar as Lopez-Espinoza has re-urged his ineffective assistance claim, it is unavailing and did not render his plea involuntary. *See Brown v. Kelly,* 393 F. App'x 208, 213-214 (5th Cir. 2010).

AFFIRMED.